# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3232 | **DATE** | 1/8/2001 |
| **CASE TITLE** | Odanuyi vs. Thornton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. James Ryan is dismissed as a respondent. Respondent is to supplement its answer to address whether Odanuyi's first claim was "fairly presented" in her supplemental appeal brief, whether the alleged default of that claim may be excused based on ineffective assistance of appellate counsel. Odanuyi is to reply to respondent's submission by 2/8/01. Ruling on those issues set to 2/15/01 at 9:30 a.m. Odanuyi's petition is set for hearing on 4/5/01 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 0 9 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 54 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | 01 JAN -9 PM 3:53 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. OTUNI ODANUYI, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> GWENDOLYN THORNTON, ) <br> ) <br> Respondent.[1] ) | Case No. 97 C 3232 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Petitioner Otuni Odanuyi is a Nigerian native who was convicted in state court of controlled substance trafficking and sentenced to a prison term of 24 years. She has filed a habeas corpus petition pursuant to 28 U.S.C. §2254 in which she contends that she did not receive the effective assistance of counsel. In this Memorandum Opinion, the Court considers respondent's argument that Odanuyi's claims are barred by procedural default.

In October 1993, after arriving on a flight from Nigeria, Odanuyi was found unconscious in a Chicago hotel and was transported to a hospital. She eventually passed pellets or balloons containing 567 grams of heroin, and she was arrested at the time of her discharge from the hospital. She was originally indicted for possession of a controlled substance, which due to the quantity of heroin involved carried a 12 year minimum sentence. On January 18, 1994, the prosecutor and Odanuyi's lawyer, a Cook County Assistant Public Defender, held a conference

---

[1] Attorney General James Ryan is dismissed as a respondent, as he does not have custody of petitioner.

with the trial judge pursuant to Illinois Supreme Court Rule 402; as is the usual practice, Odanuyi was not present for the conference. According to Odanuyi's lawyer, the prosecutor offered the minimum sentence of 12 years but said that if Odanuyi did not accept the offer that day, she would be indicted for trafficking, an offense with a 24 year minimum sentence. Odanuyi's lawyer says that at the conference, the judge stated that he did not think the facts as represented to him at the conference would support a trafficking charge and that he would not find Odanuyi guilty of such a charge; the prosecutor says that the judge simply said that trafficking is hard to prove and he didn't think the state could prove it in Odanuyi's case.

Odanuyi's lawyer returned to the courtroom, where her client was sitting handcuffed to a chair, and she told Odanuyi what the trial judge had said. Odanuyi was given only about 15 minutes to make up her mind. What happened next is not completely clear. Odanuyi's amended petition suggests that she decided to go to trial that day; but her trial counsel's comments at a post-trial hearing suggest that Odanuyi needed more time to make up her mind and was led to believe by counsel that she could accept the 12-year offer on the next court date (despite the prosecutor's "this day only" offer).

In any event, the state returned the promised trafficking charge, and on February 24, 1994, Odanuyi was arraigned on the charge and went to trial the same day. After a short hearing on a motion to quash arrest which the judge denied, Odanuyi elected to have a bench trial. Her lawyer made no opening statement and did not present a defense case. She cross examined three of the five prosecution witnesses (asking one just two questions and another just three); no theory of defense can be discerned from her questioning. She stipulated to the testimony of several other prosecution witnesses as well as to the chain of custody for the narcotics. Her closing

2

argument takes up approximately two-thirds of a single double-spaced transcript page. She argued only that the prosecution had failed to prove the exact amount of narcotics alleged in the indictment; other than that she merely told the judge that she "rel[ied] on the evidence that you have heard" and said nothing about the merits of the trafficking charge. Tr. B104. The judge found Odanuyi guilty of trafficking as well as possession.

On April 6, 1994, in seeking reconsideration of the judge's guilty finding, Odanuyi's lawyer made a record of her version of what had happened at the Rule 402 conference and why Odanuyi had decided to go to trial. Counsel said that Odanuyi did not have sufficient time on the day of the conference to decide whether to agree to a 12 year prison sentence and that in asking the judge to put off the case to a different date, counsel believed she could rely on what the judge had indicated at the conference about the sufficiency of the evidence on the trafficking charge. Counsel's comments can fairly be construed as an admission that despite having been told by the prosecutor that the 12 year offer was open for that day only, she had told her client either that she would lose nothing by going to trial (because the judge had said that he would not convict her of the trafficking charge), or that the offer would effectively remain open at a later date, or both. The judge denied the motion for reconsideration without comment.

In her allocution before the judge imposed sentence, Odanuyi said, "Your Honor, when conference 402 was given to me. I never knew. I was confused. I thought I would come right in front of you, that you would speak to me as you speak to me and you would give me the opportunity to 12 years then if I turn it down." Tr. E17. The judge sentenced Odanuyi to the minimum 24 year term, stating that though he did not believe Odanuyi merited such a lengthy sentence, the law did not permit him to impose a lower sentence.

Odanuyi was also represented by the Cook County Public Defender's office on appeal. Despite the record that trial counsel had made, Odanuyi's appellate counsel made no argument in her opening brief that Odanuyi had received ineffective assistance from trial counsel, instead raising only an issue regarding the motion to quash arrest. Approximately six weeks later, after the state had filed its brief but before Odanuyi's reply brief was due, appellate counsel filed a motion seeking permission to file a supplemental brief to raise the issue of ineffective assistance of trial counsel. The proposed brief focused on counsel's effectiveness at the trial itself but also said the following:

> As set forth in defendant's post-trial motions, defense counsel failed to present a defense because she relied on the trial court's statement during a Rule 402 Conference to the effect that drug trafficking was a very difficult charge to prove. (R. E-4-7; CL 29-32)

Proposed Supp. Brief, p. 6. The appellate court denied leave to file the brief and thereafter affirmed Odanuyi's conviction. Acting *pro se*, Odanuyi petitioned the Illinois Supreme Court for leave to appeal, including the ineffective assistance issue, but that court denied leave to appeal. Odanuyi then filed a *pro se* petition for post-conviction relief, making a claim of ineffective assistance of counsel, again focused on counsel's conduct at the trial itself. The petition was dismissed without a hearing, and this was affirmed on appeal on the grounds that Odanuyi's arguments were barred by *res judicata*.

In April 1997, Odanuyi filed a *pro se* habeas corpus petition. Because her petition for leave to appeal to the Illinois Supreme Court from the denial of her post-conviction petition was still pending, Judge Elaine Bucklo, to whom the case was then assigned, dismissed the petition without prejudice to refiling after exhaustion. The Illinois Supreme Court thereafter denied

4

Odanuyi's petition for leave to appeal, and Odanuyi's habeas corpus petition was reinstated on August 28, 1998. Judge Bucklo appointed counsel in May 1999. The case was reassigned to this Court's call in June 1999. Appointed counsel filed an amended petition on February 16, 2000, raising two claims: ineffective assistance of counsel in connection with the plea negotiations and the decision to go to trial, and ineffective assistance in connection with the trial itself.

Respondent argues that both of Odanuyi's claims are barred by procedural default. A federal court ordinarily may not review a claim in a habeas corpus petition unless the state courts were given a full and fair opportunity to review the claim. *E.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1731 (1999). Procedural default can also occur where the state court has rejected a petitioner's claim on an independent and adequate state ground, such as a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Such defaults may be excused only if the petitioner can show cause for the default and actual prejudice as a result, or if she can show that this Court's failure to consider the claim would result in a fundamental miscarriage of justice. *E.g., Aliwoli v. Gilmore*, 127 F.3d 632, 634-35 (7th Cir. 1997). The term "fundamental miscarriage of justice" is narrowly construed; Odanuyi would have to present evidence of actual innocence, and she has offered none. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Thus she may obtain review for her claims only if she can show cause for her procedural defaults and prejudice as a result of the deprivation of a constitutional right. *Coleman*, 501 U.S. at 750.

Odanuyi's second claim, concerning trial counsel's allegedly ineffective assistance at trial, was not raised in her original appellate brief, and when her appellate counsel sought to file a supplemental brief to raise this point (after the state had already filed its response brief), the

5

Illinois Appellate Court denied her request. But this apparent procedural default may serve as a bar to consideration of Odanuyi's claim only if the rule on which the state court relied was one that was "firmly established and regularly followed" at the time it was applied. *See, e.g., Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Put another way, federal courts defer to a state court's application of a procedural rule when that rule is applied in a "consistent and principled way," but a rule that is "infrequently, unexpectedly, or freakishly" applied is not an adequate state ground that bars federal habeas review. *Thomas*, 201 F.3d at 1000. Odanuyi had shown that Illinois appellate courts often permit the filing of supplemental briefs after the time for filing the appellant's opening brief has run. *See, e.g., People v. Salgado*, 263 Ill. App. 3d 238, 245, 635 N.E.2d 1367, 1372 (1994) (permitting filing of supplemental brief to include claim of ineffective assistance of trial counsel); *People v. Rodriguez*, 275 Ill. App. 3d 274, 280, 655 N.E.2d 1022, 1027 (1995); *People v. Childs*, 272 Ill. App. 3d 787, 796, 651 N.E.2d 252, 258 (1995) (supplemental brief raising claim of ineffective assistance).[2] Respondent's only answer to this is to say that "Illinois law is clear that defendants have no right to file a supplemental brief without a court's permission." Resp. Ans. at 8. Just so; but if courts regularly grant such permission when asked, the procedural rule barring consideration of supplemental briefs cannot be said to be one that is "regularly followed." Based on the parties' submissions, the Court concludes that Odanuyi's claim of ineffective assistance at trial has not been procedurally defaulted, because Odanuyi attempted to raise it in state court, only to be rebuffed based on a procedural rule that the record

---

[2] These are only some of the many cases cited by Odanuyi in which Illinois Appellate Courts permitted supplemental briefs.

6

reflects is *not* regularly followed.

Respondent argues that Odanuyi's first claim – regarding the plea negotiations and decision to go to trial – was procedurally defaulted because it was never raised in state court. This is far from clear. As indicated earlier, Odanuyi's proposed supplemental appeal brief did make reference to her trial counsel's reliance on the judge's statements during the Rule 402 conference and also cited Odanuyi's post-trial motion discussing the point, which was part of the record on appeal. This may well have been enough to fairly present the claim to the state court. A claim is considered to be fairly presented if the petitioner described the operative facts and legal theory on which his claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). The federal claim need not be an exact replica of the argument that was raised in state court; the law requires only that the substance of the federal claim be fairly presented. *Howard v. O'Sullivan*, 185 F.2d 721, 725-26 (7th Cir. 1999); *Verdin*, 972 F.2d at 1474. Because respondent has not yet addressed this point, we will defer ruling until it has done so.

The parties have focused primarily on whether the alleged default of Odanuyi's first claim may be excused. Odanuyi seeks to excuse the default on the grounds that she is Nigerian and does not speak English well. But there is a more fundamental reason why her alleged failure to raise her claim in state court might be excused: she may not have received the effective assistance of appellate counsel. The basis for Odanuyi's claim was amply laid out on the record by her trial counsel and by Odanuyi herself during the proceedings on her motion to reconsider the guilty finding and at sentencing, but appellate counsel nonetheless did not raise the issue on appeal. Counsel's failure to raise what was arguably a readily apparent point may well have

7

constituted ineffective assistance of counsel sufficient to constitute "cause" for the default. Because respondent has not had an opportunity to address this point, we will defer ruling until it has done so.

Odanuyi's habeas corpus petition has now been pending for well over two years since it was reinstated. Some of the delay is attributable to this Court; the procedural default issues have been fully briefed for just over seven months. Some of the delay may be attributable to factors beyond anyone's control, such as the difficulty Odanuyi's appointed counsel had in trying (ultimately unsuccessfully) to locate the Public Defender's file on Odanuyi's case. From here on in, however, the Court intends to address this case expeditiously. Odanuyi has been in prison since 1993; she deserves prompt resolution of her claims. The schedule which we establish in the following paragraph is one to which we intend to adhere barring some extraordinary reason to change it.

## Conclusion

James Ryan is dismissed as a respondent. On or before January 25, 2001, respondent is to supplement its answer to address two points: whether Odanuyi's first claim was "fairly presented" in her supplemental appeal brief, and whether the alleged default of that claim may be excused based on ineffective assistance of appellate counsel. On or before February 8, 2001, Odanuyi is to reply to respondent's submission. The matter is set for ruling on those issues, and for a status hearing, on February 15, 2001 at 9:30 a.m. In anticipation of the need for an evidentiary hearing on one or both of Odanuyi's claims, Odanuyi's petition is set for such a

hearing on April 5, 2001 at 10:00 a.m.

                                                                                     _____
                                                                                        MATTHEW F. KENNELLY
                                                                                       United States District Judge

Date:   January 8, 2001