# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3232 | **DATE** | 10/31/2001 |
| **CASE TITLE** | Odanuyi vs. Thornton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Petitioner's amended petition for habeas corpus is denied. Judgment is entered in favor of respondent. Because petitioner's underlying claim of ineffective assistance of trial counsel in connection with the Rule 402 conference and the resulting decision to go to trial has unquestionable merit, the Court grants petitioner a certificate of appealability on that issue pursuant to 28 U.S.C. § 2253(c)(2); the Court also grants her leave to proceed on appeal in forma pauperis.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

NOV 0 1 2001
date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

OR  courtroom deputy's initials

ED-7
FILED FOR DOCKETING
01 OCT 31 PM 3: 19

Date/time received in central Clerk's Office

Document Number

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>**OTUNI ODANUYI,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| **vs.** | )      **Case No. 97 C 3232** |
| **GWENDOLYN THORNTON,** | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Otuni Odanuyi committed a serious crime. However, she was the victim of woefully poor representation by her trial attorney, and as a result she was given a sentence twelve years longer than she would have received if she had been represented competently. Odanuyi's constitutional right to the effective assistance of counsel was grossly violated. Odanuyi's appellate attorney rendered equally inadequate assistance to her client by failing to include in her appeal brief a claim that trial counsel had been ineffective. Paradoxically, appellate counsel's failure, combined with the application of the strict procedural default rules that apply in habeas corpus cases, renders the Court powerless to remedy the violation of Odanuyi's fundamental constitutional rights.

### Procedural background

Odanuyi's petition was supported by, among other things, the transcript of her trial and various pre-trial and post-trial proceedings, letters she wrote to her appellate counsel, and a

supplemental brief that appellate counsel unsuccessfully attempted to file. This Court ultimately

held an evidentiary hearing on various aspects of Odanuyi's habeas corpus petition. At the

hearing, Odanuyi testified, as did her appellate attorney and an expert witness, and several

exhibits were admitted in evidence. Neither party called Odanuyi's trial attorney or the trial

prosecutor to testify. However, their descriptions of the pertinent events are set forth in the

papers they filed before the state trial court and in the transcripts of proceedings before that court.

## Facts

After a bench trial in the Circuit Court of Cook County in February 1994, Odanuyi was

convicted of possession of between 400 and 900 grams of heroin with intent to deliver, and

narcotics trafficking. The latter charge carried a mandatory minimum sentence of twenty-four

years imprisonment, and that is the sentence Odanuyi received. Based on the evidence adduced

at the trial, there is no doubt that Odanuyi was guilty of narcotics trafficking. But if her trial

lawyer had rendered effective assistance, Odanuyi would not have been charged with that offense

in the first place, and she would have received a twelve year sentence on the charge of possession

with intent to deliver.

Odanuyi is a Nigerian national with an elementary-school education. In October 1993,

she was found unconscious in a Chicago hotel and was transported to a hospital. She eventually

passed pellets or balloons containing 567 grams of heroin, and she was arrested at the time of her

discharge from the hospital. She was originally indicted for possession of a controlled substance

with intent to deliver, which due to the quantity of heroin involved carried a twelve year

minimum sentence.

At some point after her arraignment, Odanuyi was visited by her appointed lawyer, a

2

Cook County Assistant Public Defender. The lawyer reported that the prosecutor was offering a twelve year sentence in return for a guilty plea. Odanuyi replied she was willing to plead guilty. The lawyer said, however, that she wanted to see if she could convince the prosecutor to agree to a nine year sentence (which was actually *below* the mandatory minimum for the charged offense).

On January 18, 1994, the prosecutor and Odanuyi's lawyer held a conference with the trial judge pursuant to Illinois Supreme Court Rule 402. Odanuyi was not present for the conference. The prosecutor stood on his offer of twelve years, and he advised Odanuyi's attorney that if Odanuyi did not accept the offer that day, he would cause her to be indicted for narcotics trafficking, an offense with a twenty-four year minimum sentence. At the conference, the judge replied that trafficking was difficult to prove, and he questioned whether the prosecution could prove it in Odanuyi's case.

Defense counsel then met with Odanuyi in a room next to the courtroom, where Odanuyi was sitting handcuffed to a chair. She reported that the prosecutor was still offering a twelve year sentence and again said that she wanted to try to negotiate for a nine year sentence. Odanuyi again expressed her willingness to plead guilty and accept a twelve year sentence. Indeed, she had given her lawyer a letter addressed to the judge acknowledging her guilt and expressing remorse; the letter had been read to the judge during the Rule 402 conference. *See* Motion to Reconsider Finding of Guilty, ¶3 (attached as Exhibit 3 to petitioner's amended petition for habeas corpus).

Defense counsel had heard the prosecutor say that an indictment for trafficking would be returned if Odanuyi did not accept the proposed deal that day. But defense counsel felt that Odanuyi had nothing to lose. She believed the judge had telegraphed that he would find Odanuyi

3

not guilty of trafficking. In fact the judge had not said or suggested anything of the kind. And in any event, he had not heard the evidence, or at least not all of it, that the prosecution would offer on the trafficking charge. But Odanuyi's counsel was aware of the evidence, which included Odanuyi's confession to the authorities, which (together with the chemical analysis of what she had been carrying) clearly established the elements necessary to prove trafficking. No reasonable attorney in defense counsel's position would have considered the possibility of a trafficking conviction to be an idle threat.

If defense counsel had described the true consequences of delay, as well as the pros (if any) and cons of deferring a decision, and Odanuyi had made an informed choice to accept the risk of a possible conviction for trafficking, she would have no legitimate complaint about the ensuing events. But that is not what occurred. Though the Court cannot be entirely certain of exactly what transpired during the meeting, we have no doubt that it was one of two scenarios: either counsel did not tell Odanuyi that she would be indicted for trafficking and that this was a charge with a 24 year mandatory minimum sentence, or she misled Odanuyi to believe that the return of such a charge would make no difference because there was no way she would be found guilty. Either way, counsel's dealings with Odanuyi on January 18 fell below an objective standard of reasonableness.

The upshot was that the case was continued to February 24, 1994. By that date, the trafficking charge had been returned. Astonishingly, Odanuyi was arraigned and went to trial that same day on this twenty-four year mandatory minimum charge, without objection by defense counsel. This circumstantially confirms that counsel somehow believed that Odanuyi had nothing to lose by forcing the prosecution's hand.

4

When the case was called, the judge briefly stated, "[c]ase number 94-2772, Miss Odanuyi, charges you with possession of a controlled substance with intent to deliver and trafficking." Odanuyi's lawyer – not Odanuyi herself – responded, "[t]hat's correct," and she waived formal reading of the charge. Tr. A3. Based on the entire record, as well as its observation of Odanuyi during her testimony, the Court credits Odanuyi's claim that she did not appreciate, either before going to court on February 24 or even thereafter, that a new charge had been filed against her. The judge's one-word reference to "trafficking," without explaining that this was a new charge, in no way brought home to Odanuyi, a Nigerian national with a limited command of English, that something new, different, and considerably more severe was now facing her.

There ensued an evidentiary hearing on a motion to quash Odanuyi's confession on the grounds that she was unable to understand the *Miranda* warnings and that the statement was involuntary. Defense counsel did a professional job of litigating and arguing the motion, but the trial judge denied it. Tr. A77-A80. Immediately after rendering that decision – indeed with barely a pause – the trial court proceeded to take a waiver of Odanuyi's right to a jury trial. Odanuyi stated that she understood that a jury trial involved "12 people decid[ing] whether I am guilty or not." Tr. A81. The judge stated, "You understand you can give up that right, have this case heard as what is called a bench trial where a judge, in this case that would be myself, I would listen to the evidence and I would decide. Do you understand that?" *Id.* Odanuyi nodded her head, and when the judge asked whether she wanted a bench trial or a jury trial, she replied, "Bench." *Id.*

Odanuyi had gone to court that day assuming that she would be pleading guilty. This is

5

established by her comments at a post-trial hearing before the trial judge, *see* Tr. E17, and it is confirmed by her testimony at the hearing before this Court, which the Court credits. Due to her lack of understanding of legal procedure and her limited command of English, Odanuyi may well have incorrectly assumed that a "bench trial" would involve her admission of guilt and the judge's imposition of a twelve year sentence.

Odanuyi did not want a contested trial. And in fact she got only the semblance of a trial, for she had no viable defense on the charges against her. Her lawyer made no opening statement. Six witnesses testified for the prosecution. An employee of the hotel where Odanuyi had been found testified about his dealings with her when she had checked in. Odanuyi's lawyer asked him just two questions. Another hotel employee testified about finding Odanuyi unconscious and about the contents of her room; Odanuyi's lawyer asked no questions on cross examination. A Chicago police officer testified about items he found in Odanuyi's hotel room; defense counsel asked him just three questions. Another Chicago police officer testified about Odanuyi's confession and various items of physical evidence; Odanuyi's lawyer did not cross examine him. A third Chicago police officer (with the narcotics division of the Chicago Police Department) testified about the street value of the heroin; defense counsel *voir dired* the officer about the basis for her testimony as a purported expert, but she asked no questions on cross examination. An agent with the United States Customs Service testified about the means and methods of heroin smuggling from west Africa and the significance of various items found in Odanuyi's possession; again, Odanuyi's lawyer did not ask a single question on cross examination. Finally, defense counsel stipulated to the testimony of five prosecution witnesses regarding Odanuyi's passing of balloons at the hospital, as well as the testimony of a chemical analyst that the balloons contained

a total of 567.7 grams of heroin. Counsel did not present any defense witnesses or evidence.

Defense counsel's closing argument occupies about two-thirds of a single double-spaced transcript page. Tr. B104. She argued only that the prosecution had failed to prove the exact amount of narcotics alleged in the indictment. Beyond that, she merely told the judge that she "rel[ied] on the evidence that you have heard" and made no arguments about the merits of the trafficking charge. The judge immediately found Odanuyi guilty of trafficking as well as possession. Tr. B105-06.

On April 6, 1994, in seeking reconsideration of the judge's guilty finding, Odanuyi's lawyer made a written record of her version of what had taken place at the Rule 402 conference. Counsel reported that in asking the judge to put off the case to a different date, she had believed she could rely on what she understood the judge had indicated at the conference about the sufficiency of the evidence on the trafficking charge. In short, she had believed that the judge had essentially telegraphed that he would find Odanuyi not guilty of trafficking if the state returned such a charge. It is apparent that counsel believed that there was nothing to lose by delaying and calling the state's bluff on the trafficking charge. It was in fact not a bluff, however, and as indicated earlier counsel quite clearly had an inaccurate and unreasonable understanding of the trial judge's comments. More importantly, because she had not described the actual risks to Odanuyi, she in effect put herself in the position of deciding whether Odanuyi should go to trial, a decision that was Odanuyi's to make, not defense counsel's.

The trial judge denied Odanuyi's motion to reconsider without comment, Tr. E11, and he proceeded to hear from the parties regarding sentencing. When it came turn for her to speak, Odanuyi stated,

> Your Honor, when conference 402 was given to me. I never knew. I was confused. I thought I would come right in front of you, that you would speak to me as you speak to me and you would give me the opportunity of 12 years then if I turn it down. I feel ashamed for what I did. ....

Tr. E17. The judge sentenced Odanuyi to the minimum twenty-four year sentence after making comments suggesting that he did not believe such a severe sentence would have been warranted but for the mandatory minimum. Tr. E18.

A notice of appeal was filed on Odanuyi's behalf. The Cook County Public Defender also represented her on appeal. Despite the record that trial counsel had made regarding the Rule 402 conference and the ensuing events, appellate counsel made no argument in her opening brief that Odanuyi had received ineffective assistance of counsel. Instead, counsel's opening brief raised only an issue regarding the motion to suppress. Approximately six weeks later, after the state had filed its response brief, but before Odanuyi's reply brief was due, appellate counsel filed a motion seeking leave to file a supplemental brief to raise the issue of ineffective assistance of trial counsel. The proposed brief focused on counsel's relative lack of effort at trial, but it also included the following statement:

> As set forth in defendant's post-trial motion, defense counsel failed to present a defense because she relied on the trial court's statement during a Rule 402 Conference to the effect that drug trafficking was a very difficult charge to prove. (R. E-4-7; CL 29-32)

Proposed Suppl. Brief, p. 6 (citations in original). The appellate court denied leave to file the brief and thereafter affirmed Odanuyi's conviction. Acting *pro se,* Odanuyi petitioned the Illinois Supreme Court for leave to appeal, including the ineffective assistance issue, but that court denied leave to appeal. With the assistance of a prison law clerk, Odanuyi filed a *pro se* petition for post-conviction relief, making a claim of ineffective assistance of trial counsel, again

8

focused on counsel's performance at the trial. The petition was dismissed without a hearing, and this was affirmed on appeal on the grounds that the claim was barred by *res judicata*.

## Odanuyi's claims

In her amended habeas corpus petition, Odanuyi claims that her trial counsel was ineffective in two respects: in connection with the plea negotiations and the decision whether to plead guilty or go to trial, and at the trial itself. We address these claims in reverse order.

**1.    The trial**

**a.    procedural default**

The Court has previously addressed whether Odanuyi's claim regarding her lawyer's trial performance was procedurally defaulted. Odanuyi's amended habeas corpus petition contained an extended submission (including numerous citations) supporting her contention that the rule on which the Appellate Court had relied to refuse to accept her proposed supplemental appeal brief was not "regularly followed," thus precluding reliance on it as a basis for procedural default. *See* Amended Petition, pp. 16-18. Respondent's answer argued that the applicable Illinois Supreme Court rule did not entitle Odanuyi to file a supplemental brief, *see* Supplemental Answer, p. 8, but respondent chose to ignore Odanuyi's argument that this rule was not "regularly followed." In reply, Odanuyi pointed out that respondent had failed to controvert her argument. Petitioner's Reply, p. 2. On January 8, 2001, the Court ruled in Odanuyi's favor on this procedural default issue, noting that

> [Odanuyi's] apparent procedural default may serve as a bar to consideration of Odanuyi's claim only if the rule on which the state court relied was one that was "firmly established and regularly followed" at the time it was applied. *See, e.g., Brown v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Put another way, federal courts defer to a state

court's application of a procedural rule when that rule is applied in a "consistent and principled way," but a rule that is "infrequently, unexpectedly, or freakishly" applied is not an adequate state ground that bars federal habeas review. *Thomas,* 201 F.3d at 1000. Odanuyi [has] shown that Illinois appellate courts often permit the filing of supplemental briefs after the time for filing the appellant's opening brief has run. ... Respondent's only answer to this is to say that "Illinois law is clear that defendants have no right to file a supplemental brief without a court's permission. Resp. Ans. at 8. Just so; but if courts regularly grant such permission when asked, the procedural rule barring consideration of supplemental briefs cannot be said to be one that is "regularly followed." Based on the parties' submissions, the Court concludes that Odanuyi's claim of ineffective assistance at trial has not been procedurally defaulted, because Odanuyi attempted to raise it in state court, only to be rebuffed based on a procedural rule that the record reflects is *not* regularly followed.

*United States ex rel. Odanuyi v. Thornton,* No. 97 C 3232, slip op. at 6-7, (N.D. Ill. Jan. 8, 2001).

Respondent has requested reconsideration of this ruling. The request is denied. When Odanuyi made her argument that the rule precluding supplemental briefs was not "regularly followed," respondent chose not to respond. The Court will not permit respondent to back-and-fill now.[1] "This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D. Ill.1988).

**b.**      **the merits**

To establish a claim of ineffective assistance of counsel, Odanuyi must show not only that her counsel's efforts fell below an objective standard of reasonableness, but also that there is a

---

[1] We also note that the hearing testimony of Odanuyi's appellate counsel, which we credit on this point, provided further support for the argument that the rule in question is not regularly followed. Counsel, who works in an extremely busy appellate public defender's office which represents literally thousands of defendants each year, testified without rebuttal that she had never heard of a situation in which a supplemental brief had been refused by the Appellate Court and that she herself had never had such a brief refused.

reasonable probability that but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

After losing the motion to suppress, Odanuyi's lawyer did next to nothing to defend her client at trial. Whether or not this was objectively unreasonable, it is clear that the outcome of the trial would have been the same no matter what counsel did. The prosecution's evidence showed beyond any doubt that Odanuyi was guilty of narcotics trafficking as charged. The trafficking charge required the prosecution to demonstrate that Odanuyi had "knowingly [brought] or cause[d] to be brought into this State for the purpose of manufacture or delivery or with the intent to manufacture or deliver a controlled or counterfeit substance," 720 ILCS 570/401.1; as charged in this case, the prosecution had to prove that Odanuyi had brought the narcotics in from Nigeria. Odanuyi had no defense to this charge. The undisputed (and undisputable) testimony established that she had carried 567 grams of heroin in her alimentary canal; this was undeniably a distribution quantity of heroin, and not simply an amount for personal consumption. And Odanuyi's confession, which was admitted in evidence, established that she had swallowed the heroin in Nigeria in anticipation of coming to Chicago, and that she expected to be contacted in Chicago by a person to whom she was to deliver the narcotics. Tr. B46-47.

At the evidentiary hearing held in this Court, Odanuyi's expert, an experienced criminal defense attorney, opined that there might have been a defense to the trafficking charge. Tr. 6/28/01 at 12-13. When asked to elaborate, the expert said that because the indictment charged Odanuyi with trafficking from Nigeria, the fact that she had stopped in New York and traveled to Chicago from there provided the basis for a "technical" defense to the charge. *Id.* at 28-29. With

11

all due respect to Odanuyi's expert, her opinion suffers from a fundamental flaw: it ignores the evidence that was admitted at Odanuyi's trial. As noted above, Odanuyi's confession established beyond dispute that she brought the heroin from Nigeria to Chicago; nothing in the fact that she had a stopover in New York provided her with any sort of a defense. Odanuyi's expert also suggested that trial counsel could have "pull[ed] some case law together to see whether or not there [were] arguments that could be made on a legal basis." *Id.* at 29. Trial counsel's decision to go to trial on the day that Odanuyi was arraigned on the new charge is indeed perplexing. But Odanuyi has not sketched out any conceivable defense that legal research or further preparation might have revealed.

For these reasons, Odanuyi has failed to establish that her counsel's performance at trial harmed her in any way. The Court rejects that claim on the merits.

2. **The plea negotiations**

The utter lack of any viable defense for Odanuyi at trial is revealing: there never should have been a trial. By going to trial, Odanuyi had nothing to gain and twelve years of her life to lose.[2] Any competent attorney would have understood this. The Court has no doubt that Odanuyi's trial attorney was generally competent. But she did not perform competently in this case. When the prosecutor made it clear at the Rule 402 conference that he would offer no better than a twelve year sentence and that a delay would result in the immediate return of a trafficking charge, defense counsel should have told her client this, should have understood that forcing a trial could not help Odanuyi, and should have honored her client's repeatedly expressed desire to

---

[2] In all likelihood, actually six years. Under Illinois law, a prisoner is entitled to day-for-day credit for good behavior while in prison. *See* 730 ILCS 5/3-6-3(a)(2.1).

plead guilty. Instead, counsel in effect engaged in a game of "chicken" with both the prosecutor and the trial judge. Unfortunately, Odanuyi had to pay the price for this.

Respondent argues that Odanuyi's claim is procedurally defaulted, for two reasons: the claim was not fairly presented even in Odanuyi's proposed supplemental appeal brief, and that even if it was, that was not sufficient. The latter argument is rejected for the reasons noted with regard to Odanuyi's other ineffective assistance claim. The Court previously rejected the former argument in an order dated February 15, 2001; respondent's current argument is a request for reconsideration. This request, unlike the request for reconsideration that we rejected earlier in this decision, is appropriately made. In the February 15 order, the Court adopted as a basis for its decision a point which Odanuyi had not made and which, accordingly, respondent had not addressed. For the reasons stated below, the Court now believes that its earlier decision in this regard was erroneous.

The supplemental brief's passing reference to trial counsel's purported reliance on the trial judge's comments at the Rule 402 conference was not sufficient to raise petitioner's current claim. A habeas corpus petitioner is deemed to have procedurally defaulted his claim if (among other things) he did not fairly present the claim to the state courts. *Picard v. Connor,* 404 U.S. 270, 277 (1971). A court must take care to "avoid hypertechnicality" in determining whether a claim was fairly presented, *Williams v. Washington,* 59 F.3d 673, 677 (7th Cir. 1995); *Verdin v. O'Leary,* 972 F.2d 1467, 1474 (7th Cir. 1992), and the petitioner "may reformulate somewhat the claims made in state court" so long as the substance of the federal claim was fairly presented. *Verdin,* 972 F.3d at 1474. But to be considered to have fairly presented her claim to the state courts, she must have submitted to the state court both the operative facts and the controlling

legal principles. *Picard,* 404 U.S. at 277; *see also, e.g., Rodriguez v. Scillia,* 193 F.3d 913, 916 (7th Cir. 1998). Odanuyi's supplemental appeal brief failed on both scores. First, it contained a mere whisper of just one of the facts that form the basis of her current claim: the contention that her trial counsel had relied on the trial judge's comments at the Rule 402 conference. The brief said nothing about trial counsel's interaction with Odanuyi, a critical element of her ineffective assistance claim. Moreover, the context of the brief's passing reference to the Rule 402 conference was not the decision whether to go to trial, but rather the conduct of the trial itself.[3] Second, besides failing to set forth the facts essential to Odanuyi's current claim, the proposed supplemental brief made no argument that trial counsel's handling of the Rule 402 conference or the resulting decision to go to trial was ineffective. For these reasons, the Court concludes that its February 15, 2001 order was in error. Odanuyi's claim regarding ineffective assistance in connection with the plea negotiations and the decision to go to trial was not fairly presented to the state courts.

A procedural default may be excused if the petitioner shows cause for the default and prejudice from the failure to raise it in state court. *E.g., Murray v. Carrier,* 477 U.S. 478, 485 (1996). Odanuyi was undeniably prejudiced by appellate counsel's failure to raise the issue; it is hard to imagine a clearer violation of her right to effective assistance of counsel than the one she suffered in connection with the plea negotiations and the decision to go to trial. A defendant's decision whether to plead guilty or go to trial is one of the most significant decisions made in the course of a criminal prosecution, *see, e.g., Toro v. Fairman,* 940 F.2d 1065, 1067 (7th Cir. 1991)

---

[3] Indeed, Odanuyi's appellate counsel indicated in her testimony at the hearing that she did not intend to raise an issue of ineffective assistance in connection with the Rule 402 conference. Tr. 4/5/01 at 24-26.

(citing *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3d Cir. 1982)), and it is a decision that belongs to the defendant, not counsel. *See, e.g., Roe v. Ortega*, 528 U.S. 470, 485 (2000). Counsel has a duty to advise the client of the facts and applicable law necessary to make an informed decision on whether to go to trial. *See Toro*, 940 F.2d at 1067-68. Odanuyi's trial counsel failed to do so. She did not explain to her client that the prosecution would immediately return a charge to which Odanuyi plainly had no defense and that would result in doubling her sentence. And her misreading the trial judge's comments as indicating that going to trial was a no-risk decision was likewise unsupportable. In fact, going to trial was a no-win decision, as Odanuyi also had no chance of prevailing on the original charge of possession with intent to deliver, and thus she was going to get *at best* a twelve year sentence – the same as the prosecution's plea offer – no matter what happened. Trial counsel's representation clearly fell below an objective standard of reasonableness, and it just as clearly harmed Odanuyi, who wanted to accept the twelve year offer. In short, Odanuyi was prejudiced by her appellate attorney's failure to raise this ineffective assistance claim on appeal.

Ineffective assistance of counsel can serve as "cause" excusing a procedural default.[4] *See Murray*, 477 U.S. at 488-89. In this case there is no question that Odanuyi's appellate counsel rendered constitutionally ineffective assistance in failing to raise the issue of trial counsel's effective assistance in connection with the Rule 402 conference and the decision to proceed to trial. At the hearing held in this Court, appellate counsel testified that because the Rule 402 conference was not on the record, she did not have enough of a basis in the record to raise the

---

[4] Contrary to respondent's suggestion, Odanuyi has not raised ineffective assistance of appellate counsel as a separate basis for habeas corpus relief.

issue. With all due respect to appellate counsel, that is just flat wrong – and it suggests either a basic misunderstanding of the law or an incomplete understanding of the record. The record was more than sufficient to allow the argument to be made. It clearly reflected both the prosecutor's and defense counsel's written and oral renditions of what had happened at the Rule 402 conference, as well as defense counsel's and Odanuyi's renditions of the aftermath of that conference. There was nothing more than the record could possibly reflect, other than the trial judge's view of who was right about what happened at the conference, an element that was in no way necessary to create an adequate record for an appeal. The attorneys' recorded recollections of what happened, when combined with Odanuyi's on-the-record and relatively contemporaneous comments at sentencing about her understanding of the events, and the utter absence of any semblance of defense at trial, provided a more-than-ample basis for an appellate argument of ineffective assistance of counsel.

Nor can it plausibly be contended that appellate counsel could not have been reasonably expected to recognize that there was a *meritorious* claim of ineffective assistance focused on the Rule 402 conference and the decision to go to trial. Trial counsel's ineffectiveness virtually leaps off the page of the trial court record. The Court has no hesitation in concluding that in failing to raise the ineffective assistance argument on appeal, appellate counsel herself rendered constitutionally ineffective assistance of counsel that prejudiced Odanuyi, in that there is a reasonable probability that an appeal along these lines would have succeeded.

An observer not versed in the intricacies of habeas corpus law might reasonably assume that these findings are sufficient to excuse the procedural default and warrant granting the Great Writ. But the Supreme Court has held, and recently reaffirmed, that before a petitioner may raise

16

ineffective assistance of counsel as cause excusing a procedural default, that ineffective assistance claim must itself have been presented to the state courts, and if not it is deemed to have been procedurally defaulted. *Murray v. Carrier,* 477 U.S. at 489; *Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000). Though that second-level default is likewise subject to excuse for cause-and-prejudice, *see Edwards,* 529 U.S. at 453, the complexity of the resulting system is beyond the ken of most prisoners, and well beyond that of foreign nationals imprisoned in this country.

Indeed, this particular aspect of the system of procedural default, as it has been developed in *Murray* and *Edwards,* is best likened to what our Court of Appeals called, in another context, "a nest of Chinese boxes," in which the outside box is the claim on the merits, the next box is the claim giving rise to the basis for excusing a procedural default, the next box is the basis for excusing the default of the claim used as the excuse, and so on. *See Muscare v. Quinn,* 680 F.2d 42, 44 (7th Cir. 1980) (concerning attorney's fee litigation in cases under 42 U.S.C. §1983). Justice Breyer, in his opinion concurring in the judgment in *Edwards,* criticized the majority for creating a rule whose primary virtue appears to be its "attractive power for those who like difficult puzzles." *Id.* at 458. But this rule is the established law, and this Court is obliged to follow it.

Thus we must address whether Odanuyi's failure to assert in state court her appellate lawyer's ineffective assistance may be excused. The primary way of excusing a default is by showing cause and prejudice. "Cause" requires a showing of an external impediment that prevented petitioner from making the claim. *Murray,* 477 U.S. at 492. Odanuyi first argues that the fact that she was a foreign national, with little schooling and no knowledge of this country's

17

legal system or her constitutional rights, constitutes cause excusing the default. But this is not an *external* impediment and thus cannot constitute "cause." *See Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995) (claim that petitioner suffered from depression not sufficient to constitute cause); *Haley v. United States*, 78 F.3d 282, 285 (7th Cir. 1995) (*pro se* status does not constitute cause); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992) (same); *Henderson v. Cohn*, 919 F.3d 1270, 1272-73 (7th Cir. 1990) (illiteracy and limited education do not constitute cause).

Odanuyi's other argument is that her default (consisting of failure to assert in her post-conviction petition that her appellate lawyer was ineffective) should be excused, or respondent should be estopped from asserting the default, because the state prison system supplied the prison law clerks who assisted Odanuyi in preparing her claim. Odanuyi cites no authority supporting this as basis for a claim of "cause" excusing a procedural default, and this Court is aware of none. As respondent notes, a prisoner has no constitutional right to counsel in preparing a collateral attack like a post-conviction petition, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and thus cannot assert ineffective assistance of post-conviction counsel as "cause" excusing a default (as "cause" requires ineffective assistance rising to the level of a constitutional violation, *see Murray*, 477 U.S. at 488-89, *Edwards*, 529 U.S. at 451). *See, e.g., Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996); *Cawley*, 71 F.3d at 695-96. Accepting Odanuyi's argument would bring in through the back door what these cases have ejected through the front door. The requirement that prisoners' constitutional right of access to the courts be facilitated by access to a law library or adequate assistance from persons trained in the law, *see generally Bounds v. Smith*, 430 U.S. 817 (1977), does not mean that a slip-up by a prison law clerk gives rise to "cause." Moreover, Odanuyi has failed to provide any factual support for any claim that a prison law clerk

18

misled her or even erred in any way.

Odanuyi has failed to establish cause for her failure to assert before any state court her contention that her appellate attorney rendered inadequate assistance. The only other way in which Odanuyi can sidestep her procedural default is by showing that this Court's failure to review her claim would result in a "fundamental miscarriage of justice." *See, e.g., Schlup v. Delo*, 515 U.S. 298, 314-15 (1995). This exception applies only to a "narrow class of cases," *id.*, specifically those in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Odanuyi has not made and cannot make a viable claim that this exception applies in her case.

In sum, Odanuyi cannot assert her appellate attorney's ineffective assistance as cause for the default of her claim of ineffective assistance of trial counsel in connection with the plea negotiations, for her claim of ineffective assistance of appellate counsel is itself defaulted. The Court thus may not grant Odanuyi habeas corpus relief based on her claim of ineffective assistance of trial counsel.

## Conclusion

Odanuyi suffered an obvious violation of her constitutional right to the effective assistance of counsel, one that has resulted in imposition of a prison sentence a full twelve years longer than she would have received had her trial counsel done a constitutionally adequate job. But the rules of procedural default preclude the Court from granting relief to Odanuyi. Though this causes the Court great frustration, we are required to follow the law. Petitioner's amended petition for habeas corpus is denied. The Clerk is directed to enter judgment in favor of respondent. Because petitioner's underlying claim of ineffective assistance of trial counsel in

connection with the Rule 402 conference and the resulting decision to go to trial has unquestionable merit, the Court grants petitioner a certificate of appealability on that issue pursuant to 28 U.S.C. §2253(c)(2); the Court also grants her leave to proceed on appeal *in forma pauperis*.

MATTHEW F. KENNELLY
United States District Judge

Date: October 31, 2001